JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JUNIOR MAYERS

**DEFENDANTS**
BERGER RENTAL COMMUNITIES AND PA MANAGEMENT AND MAINTENANCE CORP.

(b) County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **DELAWARE**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
SAFFREN + WEINBERG; 815 GREENWOOD AVE, STE. 22, JENKINTOWN PA 19046

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CIVIL RIGHTS**
- [x] 442 Employment

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC § 2000-1 e-1 (TITLE VII)

Brief description of cause:
RACIAL DISCRIMINATION IN EMPLOYMENT

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: AUGUST 2, 2021

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **5784 W. JEFFERSON STREET, PHILADELPHIA PA 19131**

Address of Defendant: **1275 DRUMMERS LN, WAYNE, PA 19087**

Place of Accident, Incident or Transaction: **1275 DRUMMERS LN, WAYNE, PA 19087**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **AUGUST 2, 2021**    _____    **60643**
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **MARC A. WEINBERG**, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: **AUGUST 2, 2021**    _____    **60643**
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNIOR MAYERS<br>5784 W. Jefferson Street<br>Philadelphia, PA 19131<br>　　　　Plaintiff,<br>　v.<br><br>BERGER RENTAL COMMUNITIES<br>1275 Drummers Lane, Suite 220<br>Wayne, PA 19087<br>　　and<br>PA MANAGEMENT AND MAINTENANCE<br>CORP. a/k/a PENNSYLVANIA MANAGEMENT<br>1275 Drummers Lane, Suite 220<br>Wayne, PA 19087<br>　　　　Defendants. | Civil Action<br><br>Jury Trial Demanded |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.　Plaintiff, Junior Mayers brings this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII") for Race, National Origin and Retaliation, The Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*, and pursuant to applicable Pennsylvania common law. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants' discriminatory practices, retaliation, and other tortuous actions.

### II. JURISDICTION AND VENUE

2.　Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f).

1

3. Plaintiff has complied with all jurisdictional prerequisites including those set forth in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission. (See Exhibit "A").

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000 e-5.

5. At all times material hereto, Berger Rental Communities and PA Management & Maintenance Corp., a/k/a Pennsylvania Management (hereinafter collectively referred to as "Defendants") were "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e.

6. At all times material hereto, Defendants, employed more than 150 employees.

7. At all times material hereto, Defendants, were an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e.

8. At all times material hereto, Defendants, were an "employer" as defined by §4 of the Pennsylvania Human Relations Act, 43 P.S. §954.

9. At all times material hereto, Defendants, were an "employer" of Plaintiff as defined by §5 of Pennsylvania Human Relations Act, 43 P.S. §955.

10. At all times material hereto, the Defendants' discrimination occurred within the district of this Court,

### III. THE PARTIES

11. Plaintiff, Junior Mayers (hereinafter "Mayers"), is an adult male of who is African American and from Barbados.

12. Upon information and belief, Defendants operate a Property Management Company and Housing Properties with a registered address and a principal place of business

located at the above-captioned address, wherein Plaintiff was employed.

13. Upon information and belief, Peggy Crowlley (hereinafter "Crowlley"), a Caucasian female, was employed by Defendants and at all times material hereto had the authority to discipline and terminate Mayers.

14. At all times material hereto, the discrimination enumerated within this Complaint occurred within the Commonwealth of Pennsylvania at Defendants', location in Wayne, Pennsylvania.

## IV. FACTUAL BACKGROUND

15. Plaintiff was hired on or about May 23, 2019 by the Defendants as a service technician.

16. At all times material hereto, Plaintiff's supervisor was Crowlley and at all times material hereto, Crowlley was in a position of authority over Plaintiff.

17. At all times material hereto, Crowlley was a decision maker regarding Plaintiff's employment with Defendants.

18. At all times material hereto, Crowlley was acting within the course and scope of her employment.

19. Any acts or omissions attributed herein to Defendants, were committed or omitted by its principals, directors, officers, managers, and/or employees who were acting in the course and scope of their employment with said Defendants.

20. At all times material hereto, Plaintiff was subject to harassment and discrimination based upon his Race and National Origin, which included a hostile work environment and retaliation.

21. Nearly all of Plaintiff's co-workers were of Puerto Rican descent, and would single out

the Plaintiff.

22. One Puerto Rican employee physically assaulted the Plaintiff, during working hours.

23. Plaintiff was physically pushed to the ground by an employee of Defendant on or about September 3, 2020.

24. On that date, Plaintiff leaned a piece of wood safely against the other employee's work truck. The other employee then saw the piece of wood, slammed it on the ground and shoved the Plaintiff.

25. Plaintiff, who was injured, reported the incident to his supervisor, who told him to seek medical attention, and Plaintiff went to urgent care.

26. On September 3, 2020, Plaintiff also overheard a conversation (after the incident), where Crowlley was speaking about the employee who shoved the Plaintiff, where she permitted that employee to go home and re-write his statement regarding the incident.

27. On September 4, 2020, the Plaintiff was terminated.

28. The employee who assaulted the Plaintiff was not fired.

28. Prior to the incident, Plaintiff was targeted by Crowlley.

29. Crowlley, who was, upon information and belief, often drunk on the job, complained about the Plaintiff constantly, despite Plaintiff's work quality being exemplary.

30. Crowlley treated the Puerto Rican employees differently that Plaintiff, as Peggy constantly targeted and micromanaged on the Plaintiff.

31. Plaintiff asked Crowlley on several occasions to leave him alone, as he was doing his job, and Peggy was harassing him.

32. Based upon what Plaintiff observed of Crowlley's pattern of behavior, Crowlley was constantly trying to fire African American employees, and did, in fact, effectuate the termination of the Plaintiff.

33. Plaintiff was terminated, pretextually, on September 4, 2020.

34. Plaintiff was berated, threatened, assaulted and terminated because of his race and National Origin.

35. At all times material hereto the harassment, hostile work environment and discrimination to which Plaintiff was subjected was unwelcome, severe and unreasonably altered the condition of his employment.

36. Plaintiff was profoundly upset and affected by the discrimination, harassment and hostile work environment that he was subjected to during the course and scope of his employment.

37. During the course and within the scope of his employment at Defendants, Plaintiff was treated less favorably than similarly situated, non-Black or Barbadian employees.

37. At all times material hereto, Crowlley aided and abetted the aforementioned harassment, hostile work environment and discrimination to which Plaintiff was subjected.

38. The aforementioned conduct of Defendants and Crowlley was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* and the Pennsylvania Human Relations Act, 33 P.S. §951, *et seq.*

39. Defendants had a continued need for the work that Plaintiff had been performing.

40. During the tenure of the Plaintiff's employment, he was subjected to harassment, being berated and assaulted because he was Barbadian and black and being held to a heightened standard as to his work product compared to other non-Barbadian or Black workers.

41. Notwithstanding, Plaintiff's complaints and clear indication to Defendants that the aforesaid comments and conduct were unwelcome, unwanted and upsetting, the harassing conduct continued throughout the course of his employment with Defendants.

42. At no time did Defendants, or any of the principles, supervisors, managers, officers, directors, or agents of Defendants, institute an effective grievance procedure designed to eliminate racial discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendant failed to follow any requirements of said policy.

43. As a direct and proximate result of Defendant's aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendant's discriminatory practices, Plaintiff:

    (a) was discharged from his employment to his great financial detriment

    (b) was caused pain and suffering, physical injury and a loss of enjoyment of life; and

    (c) suffered severe emotional distress, embarrassment, humiliation and depression.

### COUNT I
### JUNIOR MAYERS V. BERGER RENTAL COMMUNITIES and PA MANAGEMENT & MAINTENANCE CORP., a/k/a PENNSYLVANIA MANAGEMENT
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### OF 1964, 42 U.S.C. 2000 *et seq*

44. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

45. The conduct of Defendants and Crowlley's treatment of Mayers in his

employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq* as Mayer's harassment, hostile work environment, retaliation and discrimination was based upon his Race and National Origin.

WHEREFORE, Plaintiff, Junior Mayers, demands judgment against Defendants, Berger Rental Communities and PA Management & Maintenance Corp., a/k/a Pennsylvania Management, including:

(a) A declaration that Defendants' actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b) equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent racial harassment and discrimination and retaliation in the workplace;

(c) equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to racial harassment and discrimination and retaliation;

(d) equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

(e) compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f) punitive damages;

(g) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II
## JUNIOR MAYERS V. BERGER RENTAL COMMUNITIES and PA MANAGEMENT & MAINTENANCE CORP., a/k/a PENNSYLVANIA MANAGEMENT
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, *et seq.*

46. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

47. The conduct of Defendants' treatment of Mayers in his employment violated the Pennsylvania Human Relations Act 33 P.S. 955, *et seq*, as Mayers' harassment, hostile work environment, retaliation and discrimination was based upon his Race and National Origin.

48. Defendants' employment practices deprived Plaintiff of equal employment opportunities and otherwise affected his status as an employee because of his race and National Origin.

49. As a direct and proximate result of Defendants' actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff, Junior Mayers demands judgment against Defendants, Berger Rental Communities and PA Management & Maintenance Corp., a/k/a Pennsylvania Management including:

(a) a declaration that Defendants' actions as described herein violated The Pennsylvania Human Relations Act;

(b) equitable and declaratory relief requiring Defendant, Defendants, to institute

sensitivity and other training for all managers, employees and supervisors to prevent harassment and discrimination in the workplace;

(c) equitable and declaratory relief requiring Defendant, Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints;

(d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(f) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(g) such other relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,
SAFFREN & WEINBERG

BY: _____
MARC A. WEINBERG, ESQUIRE
Pa. Atty. I.D. No.: 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100
mweinberg@saffwein.com

Dated: 8/2/21

# EXHIBIT A

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Junior Mayers<br>5784 W. Jefferson Street<br>Philadelphia, PA 19131 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐   On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-02208 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Dana R. Hutter* (signature)     May 10, 2021

Dana R. Hutter,
Deputy Director     *(Date Issued)*

Enclosures(s)

cc:   Dan Berger
President
BERGER RENTAL COMMUNITIES
1275 Drummers Lane, Suite 220
Wayne, PA 19087

Robert P. Maizel, Esq.

815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046